## MARKS AND WIFE *v.* MARSH.

In an action to foreclose a mortgage against a husband, where the defendant sets up the right of homestead, the Court should order the wife of defendant to be brought in as a party, as no decision upon the question of homestead can be conclusive, either upon the husband or the wife, unless both are parties.

APPEAL from the District Court of the Twelfth Judicial District.

This action was brought to foreclose a mortgage given by the defendant, August 29, 1854, to secure the payment of a promissory note of the same date, signed by defendant, and payable to N. J. Pflaum, or order, for $4,000. At the time of the execution of the note and mortgage, N. J. Pflaum was unmarried, but subsequently married A. Marks. At the date of the note and mortgage, the defendant was married, and lived on the mortgaged premises as his homestead.

On the trial, the defendant proved, that at the date of the note and mortgage, he was married, and lived on the premises as his homestead. To the ruling of the Court, allowing this evidence, the plaintiff excepted; alleging, that the defendant, his wife not being a party, was estopped, by the execution of the mortgage, from setting up a claim of homestead to the premises. The plaintiff offered to prove, that at the time of the execution of the note and mortgage, that defendant represented himself to plaintiff as an unmarried man; which testimony was denied by the Court, and the plaintiff excepted. The Court gave judgment against defendant, for the amount specified in the note, and decreed that the premises described in the mortgage should be set apart as a homestead of defendant and his wife, and that said premises be discharged from the effect and lien of said mortgage. From which judgment, plaintiff appealed.

*F. M. Haight* for Appellant.

The wife not being a party to the suit, defendant was estopped by the execution of the mortgage to deny the operation thereof, or to claim a homestead.

The husband cannot alone set a homestead. Revalk et al. *v.* Kraemer et al., July T., 1857; Dezell *v.* Odell, 3 Hill, 215; Petrie *v.* Fecter, 21 Wend., 172; Foster *v.* Newland, ib., 94; Watson's Ex. *v.* McLaren, 19 Wend., 557; Truscott *v.* Davis, 4 Barb., 495.

The objection, of want of parties, was not taken at the trial, and, if it had been, the chancery practice is, to let the cause stand over, and amend.

*Gunnison, Parker & Cowles* for Respondent.
No brief on file.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant, Marsh, executed a note and mortgage to N. J. Pflaum, then sole, but now the wife of A. Marks. This suit was brought to recover judgment upon the note, and to foreclose the mortgage. Defendant appeared, and set up the right of homestead. Upon the trial, a decree was rendered for defendant, and plaintiff appealed.

In the case of Revalk and Wife v. Kraemer et al., July Term, 1857, we held, that legal proceedings, to be conclusive against either husband or wife, as to the homestead, must include both. And we then said, that, "When the husband appears alone and defends the suit, his right to the homestead is no more concluded by the decision than by his separate execution of the deed or mortgage."

When the husband appears and defends alone, any decision the Court could make in regard to the homestead, could not affect the rights of the wife, she not being a party to the suit. And such is the nature of the title to the homestead, that the rights of the husband cannot be affected without affecting those of the wife also. If no binding decision can be made when one of them only is a party, then it is idle for the Court to make any decision at all in such a case.

This is one of those cases in which no complete determination of the controversy can be had without the presence of both husband and wife; and when the fact of homestead was disclosed by the answer, the Court should have ordered the wife of defendant to be brought in, so that a final decree, binding upon all parties in interest, could have been made, without resorting to a multiplicity of suits. (Code, § 17.)

The judgment of the Court below is reversed, and the cause remanded for further proceedings.